UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )   Criminal No. 20-cr-10164-NMG |
| 1. TIMOTHY TORIGIAN, | ) |
| 2. GERARD O'BRIEN, | ) |
| 3. ROBERT TWITCHELL, | ) |
| 4. HENRY DOHERTY, | ) |
| 5. DIANA LOPEZ, | ) |
| 6. JAMES CARNES, | ) |
| 7. MICHAEL MURPHY, | ) |
| 8. RONALD NELSON, and | ) |
| 9. KENDRA CONWAY. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM PURSUANT TO LOCAL RULE 116.5(c)

Counsel for the United States and the remaining defendants, (hereinafter "the parties")

submit this memorandum addressing Local Rule 116.5(c).

Should the Court agree, the parties request that the status conference be cancelled and

that a further status conference be scheduled in approximately 60 days.

**I.      Local Rule 116.5(c)(1)**

Gerard O'Brien (2), Diana Lopez (5), James Carnes (6), and Michael Murphy (7), have

pled guilty in this action.  The government will apprise the Court if and when any additional

Rule 11 hearing becomes appropriate.

**II.     Local Rule 116.5(c)(2)**

The parties request a further status conference before this Court approximately 60 days in

the future.

**III.    Local Rule 116.5(c)(2)(A)**

On October 5, 2020, the government provided initial disclosures to the defense.  On

December 15, 2020, January 20, 2021, January 26, 2021, February 11, 2021, May 5, 2021, May 6, 2021, July 1, 2021, July 26, 2021, and September 13, 2021, the government provided supplemental discovery materials.

Due to the ongoing nature of the investigation,[1] the government will likely have additional discovery to be provided to the defendants, including witness statements and materials required to be produced for such witnesses pursuant to Local Rule 116.2.  The government expects to provide those materials on or before the end of October 2021.  In addition, the government has obtained an additional record of the criminal histories run by Tracy McHale, and will provide those materials by that date as well.

The FBI continues to collaborate with the manufacturer of the video storage devices used at the Evidence Warehouse to determine if the manufacturer can recover video that the City of Boston was unable to recover from those devices.  At least one portion of such video has reportedly been recovered and will be produced by the end of October.  No specific date can be established for when any additional recovered materials may be expected, but they will be produced to the defense as soon as is practicable, should video be recovered as a result of those efforts.

The government anticipates an expert in the field of cellular technology will provide a report and testify regarding location information for various cellphones belonging to the

---

[1] The government's ongoing investigation of the alleged conduct in this action has led to additional charges against five additional defendants.  On March 29, 2021, Richard Evans, the commander of the evidence control unit prior to Timothy Torigian, was indicted.  *See United States v. Evans*, 21-cr-10093-RGS.  Since that time, charges have been brought against four additional former officers who have pled guilty or have agreed to do so.  *See United States v. George Finch*, 21-cr-10149-LTS, *United States v. Joseph Nee*, 21-cr-10177-PBS, *United States v. William Baxter*, 21-cr-10161-PBS, and *United States v. Thomas Nee*, 21-cr-10294-RGS.  The government expects a superseding indictment in this action that would expand the dates upon which the government alleges the conspiracy existed and which would include additional charges such as wire fraud and wire fraud conspiracy.

members of the evidence control unit.  A financial analyst is expected to create a report and testify regarding the government's estimates of loss figures, including summary charts of the voluminous financial and payroll records.  The government anticipates disclosing those materials in accordance with the expert disclosure schedule established by the District Court and any schedule established for summary exhibits, while the defendants reserve the right to request earlier disclosure if appropriate.

The government's investigation is ongoing and materials will be disclosed as required by the Rules of Criminal Procedure and Local Rules.  The government shall seasonably supplement its automatic disclosures as required by the Local Rules.

Materials required to be disclosed under Local Rule 116.2(b)(2) will be disclosed in accordance with the times established by that rule or as otherwise directed by the Court.

## IV.    Local Rule 116.5(c)(2)(B)

To date, the parties have resolved discovery issues informally.  No discovery letters have been served and no motions are pending.

## V.    Local Rule 116.5(c)(2)(C)

No motion schedule has yet been established and the parties would request that the issue be deferred until the next status date.

## VI.    Local Rule 116.5(c)(2)(D)

The defendants were arrested on September 2, 2020 and made their initial appearances on that date.  The parties have assented to the exclusion of time and the Court has ordered the time from September 2, 2020 through October 18, 2021 to be excluded.  [D. 75, 79, 86, 91, 118, 121, 144].

The parties agree that the time period between October 18, 2021 and the next status conference (whether before this session or the District Court) should be excluded because the

parties have been and are using the period of the continuance to complete production and review of discovery, to determine what pre-trial motions may need to be filed and litigated, and also to explore a non-trial disposition of the case.  Therefore, the parties request that this Court find that the ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

The parties agree that no countable days have elapsed.

## VII.    Local Rule 116.5(c)(2)(D)

The government would anticipate one two-week trial of all remaining defendants (assuming restrictions similar to what Judge Gorton has imposed in other cases).[2]

## VIII.    Local Rule 116.5(c)(3)

N/A.

The parties request a further status conference before this session in approximately 60 days.

<div style="margin-left:40%">

Respectfully submitted,
NATHANIEL R. MENDELL
ACTING UNITED STATES ATTORNEY
By:      /s/ Mark J. Grady
Mark J. Grady
Assistant U.S. Attorney

</div>

| TIMOTHY TORIGIAN | KENDRA CONWAY |
|---|---|
| */s/ Robert M. Goldstein* | */s/ Henry Brennan* |
| Robert M. Goldstein | Henry Brennan |
| 20 Park Plaza, Suite 1000 | Brennan & Associates |
| Boston, MA 02116 | 20 Park Plaza |
| | Boston MA 02116 |
| | |
| ROBERT TWITCHELL | HENRY DOHERTY |
| */s/ Liam D. Scully* | */s/ John Amabile* |
| Liam D. Scully | John Amabile |
| 101 Summer Street Fourth Floor | Amabile & Burkly, P.C. |
| Boston, MA 02110 | 380 Pleasant Street |
| | Brockton MA 02301 |

---

[2] *See United States v. Abdelaziz et al*, 19-cr-10080-NMG (Docket #1908)

RONALD NELSON
*/s/ Kimberly West*
Kimberly West/Simon Cataldo
Ashcroft Law Firm
200 State Street, 7th Floor
Boston, MA 02109

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

<u>/s/ Mark J. Grady</u>
Mark J. Grady
Assistant U.S. Attorney

Date: October 18, 2021